RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

KUNAL J. CHOKSI
MATTHEW B. MILLER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-305-3136 (v)
202-514-6866 (f)
Kunal.J.Choksi@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JAMILAH BURGESS | ) | |
| 188 Oxford Street, | ) | |
| Orange, NJ 07050; and | ) | |
| | ) | |
| J TAX SERVICE, LLC | ) | |
| 188 South Orange St., | ) | |
| Newark, NJ | ) | |
| Orange, NJ 07050; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR  A PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States of America, brings this suit to permanently enjoin the defendants, Jamilah Burgess and J Tax Service, LLC, and all persons and entities in active concert or participation with them, from directly or indirectly:

a. Preparing or filing, or assisting in the preparation or filing of any federal income tax return for any other person or entity;

b. Engaging in any conduct or activity subject to penalty under section 6701, *i.e.*, preparing or assisting others in the preparation of any tax form or other document to be used in connection with a material matter arising under the internal revenue laws, and which defendant knows will (if so used) result in the understatement of liability; [1]

c. Engaging in any conduct or activity subject to penalty under section 6694 by understating taxpayers' liabilities;

d. Engaging in any conduct or activity subject to penalty under section 6695, *i.e.,* failing to furnish a copy of the return to the taxpayer, failing to be diligent in claiming eligibility for the American Opportunity Tax Credit; and negotiating a tax refund check; and

e. Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Jurisdiction and Venue

1.     Jurisdiction over this action is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7407, 7408, and 7402(a).

2.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because the defendants, Jamilah Burgess and J Tax Service LLC, reside, are located in, or have their principal business office in this district; and because a substantial part of the actions giving rise to this suit took place in this district.

## Defendants

3.     The defendant, Jamilah Burgess ("Burgess"), resides in Orange, New Jersey, within this judicial district.

[1] Unless otherwise indicated, all references to "section" are to Title 26 of the United States Code (the Internal Revenue Code, or "Code"), and all references to "Treas. Reg." or "regulations" are to the Treasury Regulations promulgated under that title.

2

4.     The defendant, J Tax Service, is a New Jersey Limited Liability Company that operates a tax return preparation business in and around Newark, New Jersey, which is within the jurisdiction of this Court.

**Burgess's Tax Return Business**

5.     Burgess is an income tax preparer within the meaning of § 7701(a)(36). She prepares, facilitates, or assists in the preparation of other people's tax returns for compensation.

6.     Burgess prepared tax returns for GR Comprehensive Services in Newark, New Jersey during the calendar years of 2015 and 2016.

7.     In October 2014, Burgess established J Tax Service LLC. Burgess had her boyfriend, Robert Jones, apply for an Electric Filing Identification Number ("EFIN") for J Tax Service LLC. Burgess is the sole member of the LLC. Burgess prepared returns through J Tax Service LLC in the 2015, 2016 and 2017 calendar years. No other known preparers prepare tax returns through J Tax Service LLC.

8.     Burgess has been filing returns since at least the 2009 tax year, but is not an enrolled agent. She does not have any known licenses or certifications.

9.     In tax years 2014, 2015 and 2016, Burgess prepared and filed over 1,000 tax returns on behalf of her customers using three different "Paid Preparer Tax Identification Numbers" ("PTINs"). She has one assigned PTIN, and has filed returns on behalf of customers using her assigned PTIN as well as two other variants of her assigned PTIN.

10.     The total number of returns prepared and filed by Burgess with the Internal Revenue Service ("IRS") for each calendar year is set forth below.

| Year | Number of Tax Returns Prepared and Filed |
|------|------------------------------------------|

| 2015 | 313 |
|---|---|
| 2016 | 421 |
| 2017 | 445 |
| **TOTAL** | 1,179 |

11.     Burgess was twice penalized by the IRS for lack of preparer due diligence in determining the eligibility of taxpayers for tax credits.  Burgess was first penalized $15,500 for lack of due diligence in the 2009 tax year.  For the 2014 tax year, Burgess was penalized $75,000 for lack of preparer due diligence in determining the eligibility of taxpayers for credits.

12.     Based on the IRS examinations of 130 returns prepared by Burgess in the 2014, 2015 and 2016 tax years, the IRS made additional tax assessments against her customers that totaled $548,480.

**Burgess's Wrongful Tax Preparation Practices**

13.     Burgess prepared numerous federal income tax returns that willfully understated her customers' federal income tax liabilities, and claimed inflated tax refunds for them through a variety of schemes.

14.     More specifically, Burgess prepared false federal income tax returns for her customers that overstated Schedule A unreimbursed employee business expenses and claimed false education deductions and/or credits.

**Burgess Prepared and Filed Returns That Claimed False Employee Business Expenses**

15.   Burgess repeatedly and continually prepared returns for her customers that included false claims for employee business expenses, which resulted in understatements of tax liabilities and inflated tax refunds.

16.   Burgess prepared and filed a tax return for one customer that claimed $16,500 in unreimbursed employee business expenses for mileage the customer incurred in his business, despite the customer stating in an interview with an IRS employee that he told Burgess that his business reimbursed him for his mileage.

17.   Burgess also prepared and filed a tax return for another customer that claimed $10,450 in unreimbursed employee expenses.  When asked, the customer told an IRS employee he told Burgess that he had to buy boots and gloves for work, and was not reimbursed for these expenses.  However, he did not spend anywhere near $10,450 for these items.

18.   Burgess prepared and filed another tax return for a customer that claimed $15,000 in unreimbursed employee expenses.  The customer only claimed her uniform for work as an expense.  She did not provide Burgess with any receipts.  The customer told an IRS employee that she has no idea how Burgess came to the $15,000 figure listed on her return.

### Burgess Prepared and Filed Returns That Claimed
### False Education Credits and/or Deductions

19.   Burgess repeatedly and continually claimed false education credits or expenses on behalf of her customers in an effort to reduce her customers' tax liabilities or generate refunds for her customers to which they were not entitled.

20.   The American Opportunity Tax Credit is a credit for qualified education expenses paid for an eligible student for the first four years of higher education.  The taxpayer can claim it on behalf of the taxpayer herself, a spouse or a dependent.  Eligibility for the American

5

Opportunity Tax Credit can be confirmed by reviewing an eligible person's IRS Form 1098-T,

tuition statement.  Separately, taxpayers may also claim a deduction for tuition expenses for

higher education.  This deduction can also be confirmed by a taxpayer's 1098-T.

21.     The IRS reviewed 120 returns prepared by Burgess that claimed an education

deduction, credit and/or the American Opportunity Tax Credit by comparing the claimed

expenses on the tax returns with issued 1098-T for the taxpayers, spouses or dependents.  The

IRS determined that only one of the 120 returns it reviewed properly claimed the education

deduction and/or American Opportunity Tax Credit.

22.     For example, Burgess prepared and filed a tax return for one customer that

claimed the maximum education credit.  According to an interview with customer conducted by

an IRS employee, the customer's son attended college but Burgess did not request any

documentation regarding his tuition of grants.  According to a 1098-T, tuition at the customer's

son's college was $15,887 and he received a grant of $29,509.  Thus, the customer did not

qualify for the credit.

23.     Burgess prepared and filed another return for the 2015 tax year for a customer that

claimed the American Opportunity Tax Credit.  The customer told an IRS employee that she

informed Burgess she graduated college in 2012.  Burgess nevertheless claimed the American

Opportunity Tax Credit for the 2015 tax year.

24.     Burgess prepared and filed returns for the 2014 and 2015 tax years for another

customer claiming American Opportunity Tax Credits for both years because the customer was

attending Essex College.  The customer stated in an interview with an IRS employee that he

never attended college.  He told the IRS employee that Burgess never asked him about college

before preparing his return.

6

## Other Wrongful Tax Preparation Practices

25.     According to an interviews the IRS, Burgess did not provide her customers with a copy of their return after filing their taxes.  Two customers told IRS employees that they requested a copy of the return but Burgess told them the printer was broken.  One of these customers came back later to request a copy of the return from Burgess, and Burgess told the customer to get a copy of the return from the IRS.

26.     According to an interview with the IRS, a customer claimed Burgess took her preparation fee from his refund check, and provided him with a check drawn from the account of J Tax Service.  (Exhibit 20)  Another customer similarly told an IRS employee that his tax refund was deposited into Burgess' account, and he was given a check from her or her business with unknown fees deducted from the refund.

27.     Two customers told an IRS employee that Burgess took her return preparation fee out of their tax refund before depositing the refund in their account.  One of the customers questioned why her refund was $500-$600 less than Burgess quoted to her, and Burgess responded that the IRS took out fees from the refund.

## Harm to United States of America

28.     Burgess has caused substantial revenue losses to the United States of America.

29.     The Service has audited a total of 130 tax returns prepared by Burgess for the tax years between 2014 and 2016.  An examination of these returns by the IRS resulted in the determination of a total tax deficiency of $548,480 for an average additional tax deficiency of $4,219.

30.     Burgess prepared approximately 1,175 federal income tax returns for tax years 2014 to 2016, and continues to prepare returns today.  That Burgess continues to prepare returns

7

for her customers that continually and repeatedly understate their correct federal tax liabilities justifies the imposition of a permanent injunction that prohibits Burgess from preparing federal tax returns altogether.

31.    In addition to revenue loss, the government has used its resources and agents to audit returns prepared by Burgess.

**Likelihood of Reoccurrence**

32.    The harm to the United States will increase if Burgess is not enjoined because she is likely to continue to prepare false federal tax returns for customers for the 2017 tax year and beyond.  On December 30, 2017, Burgess renewed her PTIN for the filing season of the 2017 tax year.

33.    For the 2009 and 2014 tax years, Burgess was investigated and penalized by the IRS for failing to conduct due diligence inquiries into her customers' returns.  Since that time Burgess has continued her previous business practices.

34.    Upon information and belief, Burgess is the only tax preparer that works for her company, J Tax Service.  J Tax Service continues to operate and prepare tax returns for the 2017 tax year.

## COUNT I
### Injunction Under 26 U.S.C. § 7407

35.    The United States incorporates by reference the allegations in paragraphs 1 through 34.

36.    Under § 7407, Congress has authorized the United States of America to seek an injunction against any tax preparer who, among other things, has engaged in any conduct subject

to penalty under §§ 6694 or 6695, or engages in any other deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

37.     If a return preparer's conduct is continual and/or repeated and the court finds that a narrower injunction (*i.e.*, prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer altogether.

38.     Defendants have continually and repeatedly prepared and submitted federal income tax returns that contained unrealistic and frivolous positions, and that willfully attempted to understate their customers' correct tax liabilities by fabricating business and educational expenses reported on their customers' federal income tax returns, and have thus engaged in conduct subject to penalty under Section 6694.

39.     Defendants have continually and repeatedly failed to furnish a copy of a filed tax return to their customers, and thus have engaged in conduct subject to penalty under Section 6695(a).

40.     Defendants have continually and repeatedly endorsed or otherwise negotiated treasury checks made to their customers with respect to tax, and thus have engaged in conduct subject to penalty under Section 6695(f).

41.     Defendants have continually and repeatedly failed to exercise diligence in determining their customers' eligibility for, or amounts of, the American Opportunity Tax Credit, and thus have engaged in conduct subject to penalty under Section 6695(g).

42.     Defendants have continually and repeatedly engaged in other deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

43.     Under the foregoing facts and circumstances, any lesser form of an injunction, such as an injunction prohibiting defendants from engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, would be insufficient to prevent the defendants' interference with the proper administration of the internal revenue laws.

44.     In accordance with the foregoing, the Court should enter a permanent injunction against the defendants under 26 U.S.C. § 7407(b)(2) that prohibits them from acting as tax return preparers.

<u>**COUNT II**</u>
**Injunction Under 26 U.S.C. § 7408**

45.     The United States incorporates by reference the allegations in paragraphs 1 through 44.

46.     Section 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

47.     Section 6701 penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

48.     Burgess, individually and through her company, J Tax Service, prepared and filed tax returns for their customers, and facilitated the preparation and filing of tax returns and other documents that were intended to understate the customers' correct federal income tax liabilities.

10

As the preparation and filing of those returns pertained to material matters arising under the internal revenue laws, the defendants' conduct is subject to penalty under Section 6701.

49.     If the Court does not enjoin Burgess and J Tax Service, they are likely to continue to engage in penalty conduct under § 6701.

50.     Injunctive relief is therefore appropriate under 26 U.S.C. § 7408 to prevent the recurrence of the conduct complained above.

<u>**COUNT III**</u>
**Injunction Under 26 U.S.C § 7402(a)**

51.     The United States incorporates by reference the allegations in paragraphs 1 through 50.

52.     Section 7402 of the Internal Revenue Code, 26 U.S.C. § 7402, authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.  An injunction under Section 7402 can be entered "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."  26 U.S.C. § 7402(a).

53.     Burgess and J Tax Service, through the actions described above, have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

54.     Unless enjoined, Burgess and J Tax Service are likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

55.     If Burgess and J Tax Service are not enjoined from engaging in deceptive conduct, the United States of America will suffer irreparable injury as a result of the understatement of their customers' federal tax liabilities, and through the wrongful issuance of federal income tax refunds to individuals not entitled to receive them.

11

56.     Enjoining Burgess and J Tax Service is in the public interest because an injunction will bring an end to Burgess' and J Tax Service's illegal conduct and the harm it causes the United States of America and its citizens.

57.     The Court should impose injunctive relief under § 7402(a).

WHEREFORE, the United States of America prays for the following:

A.      That the Court find that Jamilah Burgess, as a return preparer who operated and continues to operate J Tax Service, continually and repeatedly engaged in conduct subject to penalty under §§ 6694 and 6695, and continually and repeatedly engaged in other deceptive conduct that substantially interferes with the administration of the internal revenue laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B.      That the Court find that Burgess, herself and through her company, J Tax Service, engaged in conduct subject to a penalty under § 6701, and that injunctive relief under § 7408 is appropriate to prevent a recurrence of that conduct;

C.      That the Court find that Burgess, through her company, J Tax Service, engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and § 7402(a);

D.      That the Court, pursuant to §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Jamilah Burgess and J Tax Service, and all those in active concert or participation with them, from:

12

> (a)   Acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;
>
> (b)   Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;
>
> (c)   Engaging in any other activity subject to penalty under §§ 6694, 6695, 6701, or any other penalty provision of the Internal Revenue Code;
>
> (d)   Representing, or appearing on behalf of, any person before the Internal Revenue Service; and
>
> (e)   Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

E.   That the Court, pursuant to §§ 7402(a), 7407, and 7408, enter an order requiring Burgess and J Tax Service to contact, at their own expense, within 30 days of this Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom they prepared or assisted in preparing federal tax returns, to inform them of the permanent injunction entered against them;

F.   That the Court, pursuant to §§ 7402(a), enter an order requiring Burgess and J Tax Service to produce to counsel for the United States of America, within 30 days of this Court's order, a list that identifies by name, Social Security number, address, e-mail address, telephone number, and tax period(s), all persons for whom they prepared, or assisted in preparing, federal tax returns;

G.   That the Court retain jurisdiction over Burgess and J Tax Service, and over this action to enforce any permanent injunction entered;

H.     That the United States of America be entitled to conduct discovery to monitor Burgess' and J Tax Service's compliance with the terms of any permanent injunction entered against them; and

I.     That the Court grants the United States of America such other and further relief, including costs, as is just and reasonable.

Dated: February 5, 2018

CRAIG CARPENITO
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Kunal J. Choksi*
KUNAL J. CHOKSI
MATTHEW B. MILLER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-305-3136 (v)
202-514-6866 (f)
Kunal.J.Choksi@usdoj.gov

14

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

*Plaintiff(s)*

v.                    Civil Action No.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: