NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | **Civil Action No. 18-1571** |
| v. | **OPINION** |
| **JAMILAH BURGESS and J. TAX SERVICE LLC,** | |
| *Defendants.* | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff United States of America's ("Plaintiff")

Motion for Default Judgment and order of injunction under Section 7407 of the Internal Revenue

Code against Defendants Jamilah Burgess and J. Tax Service LLC (together, "Defendants"). ECF

No. 6. For the reasons set forth herein, the motion is **GRANTED**.

### I.    BACKGROUND

This case involves a tax fraud scheme in which Defendant Jamilah Burgess ("Burgess")

prepared and filed false federal income tax returns on behalf of her customers. Compl. ¶¶ 5, 8-10,

ECF No. 1. Burgess prepared many of these returns through her own personal business, Defendant

J. Tax Service LLC. Id. ¶ 7.[1] Plaintiff seeks a permanent injunction pursuant to 26 U.S.C. § 7407

to prohibit Defendants from preparing income tax returns for others.

---

[1] Burgess is the only known tax return preparer at J. Tax Service LLC. Id. ¶ 7.

1

From 2015 to 2017, Burgess prepared and filed 1,179 tax returns with the Internal Revenue Service ("IRS").  Id. ¶ 10.  For many of them, she willfully understated her customers' federal income tax liabilities or claimed inflated tax refunds.  Id. ¶ 13.  Specifically, the tax returns overstated Schedule A unreimbursed employee business expenses and claimed false education deductions and/or credits.  Id. ¶ 14.  When the IRS examined 130 of these returns, it made additional tax assessments against Burgess's customers totaling $548,480.00.  Id. ¶ 12.

Burgess's customers also told the IRS that Burgess did not provide them with copies of their returns after filing their taxes.  Id. ¶ 25.  Two of them requested copies of their returns from Burgess, but Burgess told them the printer was broken.  Id.  One of those customers returned later to get a copy, but Burgess told the customer to get it from the IRS.  Id.  Other customers told the IRS that Burgess deposited their refund checks into Burgess's personal account and then drew each of them a check from J. Tax Service LLC with unknown fees deducted from the refund.  Id. ¶ 26.  When one customer asked why the refund was $500-$600 less than the quote Burgess provided, Burgess responded that the IRS deducted fees from the refund.  Id. ¶ 27.

Plaintiff alleges that Burgess is likely to continue preparing false tax returns if not enjoined. Id. ¶ 32.  Despite having previously been investigated and penalized by the IRS in 2009 and 2014 for similar conduct, Burgess has continued her fraudulent business practices.  Id. ¶ 33.  On December 30, 2017, Burgess renewed her Paid Prepared Tax Identification Number ("PTIN"), and she continues to prepare tax returns through J. Tax Service LLC for the 2017 tax year.  Id. ¶ 34.

On February 5, 2018, Plaintiff filed this action seeking to permanently enjoin Defendants from, among other things, directly or indirectly assisting, advising, or filing federal tax returns for any other person or entity.  Id. at pp. 1-2.  Defendants were served on February 8, 2018 but have not answered or otherwise responded to the Complaint.  See ECF Nos. 3-4.  On March 26, 2018,

the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). On April 2, 2018, Plaintiff filed the instant Motion for Default Judgment. ECF No. 6. Defendant has not filed any opposition.

## I.  STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008) (quotation omitted). When evaluating a motion for default judgment, courts consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## II.  ANALYSIS

### A.  Jurisdiction & Service

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7407, 7408, 7402(a). The Court also has personal jurisdiction over Burgess, who resides in Orange, New Jersey, and J. Tax Service LLC, a New Jersey limited liability company that operates in and around Newark, New Jersey. Compl. ¶¶ 3-4. Defendants were served with the Summons and Complaint on February 12, 2018. ECF Nos. 3-4.

### B.  Plaintiff Has Satisfied the Elements of Section 7407

Plaintiff seeks an injunction pursuant to 26 U.S.C. § 7407. An injunction under Section 7407 is appropriate when: (1) defendants are tax return preparers; (2) the alleged conduct falls

within one of the four categories proscribed by 26 U.S.C. § 7407(b)(1)(A)-(D); and (3) an injunction is appropriate to prevent recurrence of the prohibited conduct. 26 U.S.C. § 7407; see United States v. Majette, No. 13-7238, 2014 WL 5846092, at *2 (D.N.J. Nov. 12, 2014).

Defendants are income tax preparers because they prepare federal tax returns for others for compensation. 26 U.S.C. § 7701(a)(36); see Compl. ¶¶ 5, 7. Plaintiff seeks the injunction pursuant to Section 7407(b)(1)(A), which applies when a defendant has engaged in conduct prohibited by 26 U.S.C. §§ 6694 or 6695.

Section 6694(b) prohibits tax return preparers from preparing a return or claim of refund containing a willful or reckless understatement of liability. Defendants violated this section by willfully understating their customers' tax liabilities by fabricating unreimbursed employee expenses and falsely claiming education tax credits. See Compl. ¶¶ 13-24. Likewise, Defendants violated Section 6695 by: (1) failing to furnish copies of filed tax returns to their customers, see Compl. ¶ 25; 26 U.S.C. § 6695(a); (2) deducting return preparation fees from customers' refund checks, see Compl. ¶¶ 26-27; 26 U.S.C. § 6695(f); and (3) failing to exercise diligence in determining their customers' eligibility for, or amounts of, the American Opportunity Tax Credit, see Compl. ¶¶ 19-24; 26 U.S.C. § 6695(g). Thus, Defendants' alleged conduct falls within 26 U.S.C. § 7407(b)(1)(A).

Moreover, an injunction is needed to prevent recurrence of the prohibited conduct. After being investigated and penalized by the IRS in 2009 and 2014, Burgess prepared and filed at least 130 false returns from 2015 to 2017. Comp. ¶¶ 10-12, 33. Further, her continued efforts to prepare tax returns for the 2017 tax year display a lack of regard for the consequences of her fraudulent conduct. The Court finds that an injunction is appropriate to prevent the recurrence of Defendants' conduct.

### C. Plaintiff Has Established the Equitable Factors for an Injunction

In addition to establishing Section 7407's statutory requirements, Plaintiff must also satisfy the equitable factors required to obtain an injunction: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Liberty LincolnMercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009).

Here, Plaintiff has shown a high likelihood of success on the merits given Defendants' failure to defend this action and the large volume of fraudulent tax returns filed. Plaintiff has also demonstrated irreparable harm in light of the significant losses already attributable to Defendants' actions and Defendants' apparent willingness to continue preparing fraudulent tax returns in the face of IRS investigations and penalties. Given Defendants' demonstrated ability and willingness to commit tax fraud on a large scale, any hardship to Defendants caused by the injunction is outweighed by the serious harm faced by Plaintiff absent an injunction. Lastly, public interest favors an injunction, because Defendants' fraudulent conduct undermines the tax system and has harmed not only the United States, but also Defendants' customers, who now owe significant income tax deficiencies. Thus, the equitable factors support an injunction.

### D. Default Judgment is Appropriate

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008). The Court concludes that, in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious

defense.  See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *1 (D.N.J. Mar. 19, 2012).  Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief.  Finally, the Court finds Defendants acted culpably as they were served with the Complaint yet have failed to respond to the allegations set forth therein.  Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x. 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment and entry of a permanent injunction against Defendants is **GRANTED**.  An appropriate Order accompanies this Opinion.

**Dated: November 16, 2018**

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**United States District Judge**